No. ——

First Circuit

---

MORRIS v. SUMMERS

---

(May 3, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Evidence—Par. 339 350.

In view of Civil Code, Article 2277, proof of an agreement to pay $1000.00 for a quit claim title is not shown sufficiently by the evidence of a witness that the defendant agreed to pay the money at a future time out of some oil obligation.

Appeal from the District Court, Parish of Vermilion. Hon. W. W. Bailey, Judge.

Action by Otto L. Morris against James A. Summers.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Broussard & Samson, of Abbeville, attorneys for plaintiff, appellant.

Nugier & Gordy, of Abbeville, attorneys for defendant, appellee.

ELLIOTT, J.  Suit to enforce an alleged verbal promise to pay one thousand dollars for signing a quit claim title to an oil and gas lease.

Otto L. Morris alleges that, on January 15, 1924, at the request of the defendant, James A. Summers, he executed and signed a quit claim title in favor of Keen & Wolf Oil Co., for the oil and gas rights as to the E½ of the NW¼ of the NW¼ of Section 28, T. 16 S., R. 15 W., situated in Union county, Arkansas.

That he had an interest in a lease covering the oil and gas rights in said property, acquired from C. O. and D. V. Henley by the plaintiff, together with James A. Summers, the defendant, and V. L. Caldwell and Harry N. Morris. That said Summers verbally agreed with him as a consideration for signing said quit claim in favor of Keen & Wolf Oil Co., that he would pay him one thousand dollars out of

the cash price which Keen & Wolf Oil Co. were to pay said Summers for his interest in the Henley lease.

That defendant received from Keen & Wolf Oil Co. his share of $9000.00, which they were to pay him for his interest in the Henley lease; but that said Summers refused to pay plaintiff the $1000.00 which he had promised him, as above said. He brought suit against said Summers to compel payment.

Summers for answer and defense denies that he promised to pay plaintiff $1000.00 out of the cash price that he was to receive from Keen & Wolf Oil Co. on account of his interest in the lease from the Henleys; but avers that he did say to plaintiff at the time alleged, that for executing said quit claim in favor of Keen & Wolf Oil Co. he might have $1000.00 out of the oil and gas produced, saved and marketed by Keen & Wolf Oil Co. from said land, an interest in which his contract with Keen & Wolf Oil Co. gave him.

The district judge, after hearing the evidence, rendered judgment rejecting plaintiff's demand. Plaintiff appealed.

The quit claim deed which plaintiff signed indicates that he must have had some interest in the lease, and that Keen & Wolf Oil Co. wanted it transferred to them; otherwise defendant would not have taken a trip to Shreveport in order to obtain it.

The evidence shows that there was a delay on the part of Keen & Wolf Oil Co. in paying $9000.00 to the defendant and V. L. Caldwell, due to the defendant's delay in getting this quit claim from the plaintiff. They did not pay the price

which had been agreed on until this quit claim from plaintiff had been placed in their hands; which circumstance corroborates the plaintiff. On the other hand, the quit claim shows on its face that it is in consideration of "One dollar to me in hand paid by Keen & Wolf Oil Co., the receipt of which is hereby acknowledged", and does not speak of any further consideration.

If the plaintiff's rights in the lease obtained from C. O. and D. V. Henley had been worth $1000.00, it seems probable that plaintiff would have assigned his rights to James A. Summers for $1000.00, else would have taken a note or some written showing. The fact this was not done, but was assigned instead to Keen & Wolf Oil Co. for the small sum mentioned, indicates that plaintiff's rights were negligible.

Plaintiff testified that defendant promised him $1000.00 as alleged in his petition, and that his brother, Harry N. Morris, and another party who had died since the time in question, were present and heard the agreement. The testimony of Harry N. Morris is as follows:

"The said Summers agreed to pay $1000.00 out of some future payment from Keen & Wolf Oil Co. I do not know whether it was the payment of a note or of some oil obligation.

"Mr. Summers agreed to pay the money at that future day, I do not remember just when it was, and Otto Morris agreed to sign a quit claim deed. I advised Otto Morris to get a note from Summers for $1,000.00," etc.

That another party present had died since that time.

Defendant admits that he told the plaintiff after he had signed the lease that he

might have $1000.00 out of the oil and gas produced on the property, an interest in which had been promised to him as part of the price to be paid by Keen & Wolf Oil Co., but the inference is that this turned out to be a myth. The promise as above shown is not clearly supported by Harry N. Morris, and is denied by the defendant.

Defendant contends that plaintiff had no real interest in the Henley lease and that he realized it and agreed, at defendant's request, to execute a quit claim in favor of Keen & Wolf Oil Co. without any promise of consideration. That there was a proceeding in bankruptcy in the U. S. District Court at Texarkana, Arkansas, in which whatever interest plaintiff had in this lease was adjudicated to defendant by H. M. Barney, Trustee of Harry Morris Guaranteed Gusher Syndicate No. 3. That plaintiff intervened in that proceeding, claiming interest; but that the referee in bankruptcy ruled that whatever interest he had had passed to defendant.

That plaintiff took an appeal from the finding of the referee to the District Court, and the judge presiding affirmed the finding of the referee. That it therefore results that plaintiff had no real interest in the Henley lease.

Plaintiff's testimony on this subject is supported by the testimony of H. M. Barney, Trustee, and by the title and transfers which Barney as Trustee of Harry Morris Guaranteed Gusher Syndicate No. 3 executed in favor of the defendant for a consideration of $4000.00 paid to the trustee as the price of same.

Defendant is further corroborated by E. P. Moresi, who testifies that he heard plaintiff say some time previous to the execution of this quit claim deed, the exact date not stated, that he had no interest in the lease and that, if he had any, he would release same to defendant, Summers.

Under the circumstances it cannot be said that plaintiff has established his case by a preponderance of the evidence, nor with the certainty required by law as to agreements to pay more than $500.00. Civil Code, Art. 2277.

The district judge considered that the plaintiff had not satisfactorily established his case. It seems to us that such is the situation, and that the judgment appealed from is correct and should be affirmed.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.